UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LANCE HOWARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-04318-TWP-MJD ) |
| NURSE MCNUE, | ) ) |
| Defendant. | ) ) |

**Entry Granting *In Forma Pauperis* Status,
Screening Complaint, and
Directing Issuance and Service of Process**

I. *In Forma Pauperis* Status

Plaintiff Lance Howard's motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted**. The assessment of even an initial partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

II. Screening of the Complaint

Plaintiff Lance Howard is an Indiana inmate incarcerated at the New Castle Correctional Facility. He filed this action on November 17, 2017, *pro se* and *in forma pauperis*, naming a single defendant, Nurse McNue, who is employed at the facility.

A. Legal Standard

Because plaintiff is a prisoner, the complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within

a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

  B.  Allegations in the Complaint

  Plaintiff contends that Nurse McNue has been deliberately indifferent to his serious medical needs when on three occasions in October and November, 2017, she refused to bring him his inhaler and on one occasion in October when she did bring the inhaler she purposefully rubbed it on the dirty "cuff port" of his cell door. He contends this violates his Eighth Amendment rights to be free from cruel and unusual punishment.

C. Discussion

The Eighth Amendment claim against Nurse McNue shall proceed as plead. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). Although plaintiff uses the word "retaliation" in describing Nurse McNue's conduct, the Court finds no allegations to support a retaliation claim. To state a First Amendment claim for retaliation, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir.2009) (internal quotation omitted). No such facts are plead in the complaint.

### III. Issuance and Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Nurse McNue in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

### IV. Obligation to Update Address

The Court must be able to communicate with pro se parties through the United States mail. Plaintiff shall report any change of address to the Court, in writing, within ten days of any change. The failure to keep the Court informed of a current mailing address may result in the dismissal of this action for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED**.

Date: 11/22/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Lance Howard
250494
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, In 47362

Nurse McNue
c/o Wexford Health Sources, Inc.
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN  47362

Courtesy Copy to:

    Douglass R. Bitner
    Katz Korin Cunningham PC
    334 N. Senate Avenue
    Indianapolis, IN  46204
    dbitner@kkclegal.com