UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LANCE HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04318-TWP-MJD |
| | ) | |
| NURSE MCNUE, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Dismissing Supplemental Complaint
And Denying Motion for Preliminary Injunctive Relief**

Plaintiff's December 26, 2017, "Supplemental Complaint," has been screened pursuant to 28 U.S.C. § 1915A. The supplemental complaint is not complaint with *Fed. R. Civ. P*. 8(a) because it is not a short and plain statement of claims. It is difficult to read and understand. It refers to a twenty-three page attachment of materials including Department of Correction forms requesting health care, notes, medical records, a handwritten complaint, and a grievance. Dkt. 8-1. The Court will not search this array of materials in search of claims or defendants. The main document of the supplemental complaint contains a section naming defendants to be added, but there are essentially no allegations made against them. The supplemental complaint, dkt. [8], therefore is **dismissed**. The operative complaint remains the complaint filed November 17, 2017. Dkt. 1.

Should plaintiff desire to amend his complaint to add claims and defendants, he may do so pursuant to *Fed. R. Civ. P*. 15. The operative complaint concerns a deliberate indifference to serious medical needs claim against Nurse McNue. Additional claims and defendants must relate to the claim proceeding in the operative complaint. Rule 18(a) of the *Federal Rules of Civil Procedure* provides that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many

claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits. . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of the defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." *Fed. R. Civ. P.* 20(a). In short, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances.

Plaintiff's December 28, 2017, "Submission of Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order" is construed as a motion for preliminary injunctive relief. It concerns plaintiff's lack of access to a law library and seeks injunctive relief. It is not related to the medical care claim proceeding in this action. The motion, dkt. [9], is therefore **denied.**

**IT IS SO ORDERED**.

Date: 1/4/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Lance Howard
250494
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, In 47362