UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LANCE HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04318-TWP-MJD |
| | ) | |
| LARA McNEW, LPN, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Correcting Defendant's Name
and Directing Development of Exhaustion Defense and Issuing Partial Stay**

**I. Correction of Defendant's Name**

Defendant has answered in her correct name. The **clerk is directed** to modify the docket to reflect the name of defendant as Lara McNew, LPN.

**II. Exhaustion Defense and Partial Stay**

Defendant Lara McNew, LPN, has answered and asserted the affirmative defense that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit as required by the Prison Litigation Reform Act. This defense must be resolved before reaching the merits of this case. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999).

Defendant's exhaustion defense will be resolved pursuant to the following schedule. Defendant shall have **through April 26, 2018,** in which to either:

- file a dispositive motion in support of the exhaustion defense;
- file a notice with the Court specifically identifying the fact issue(s) that preclude resolution of this affirmative defense via a dispositive motion and requesting a *Pavey* hearing; or
- file a notice with the Court withdrawing the exhaustion defense.

**The failure to pursue any of these options by the above deadline constitutes an abandonment of the exhaustion defense.**

If a dispositive motion is filed, plaintiff shall have **twenty-eight (28) days** in which to respond. Defendant shall then have **fourteen (14) days** in which to reply. Furthermore, if defendant files a dispositive motion, she must remember that it is her burden to prove both that the administrative remedy process was available to plaintiff and that he failed to utilize it. *See Thomas v. Reese*, 787 F.3d 845, 848 (7th Cir. 2015); *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006). Thus, if plaintiff responds with evidence that the administrative remedy process was unavailable, defendant may and should consider whether selecting one of the other two options outlined above is the appropriate course – that is, conceding that a *Pavey* hearing is necessary or withdrawing their affirmative defense. Alternatively, defendant's reply must directly confront plaintiff's evidence regarding availability and explain why she remains entitled to summary judgment despite that evidence. Failure to present responsive evidence in reply will result in a forfeiture of any right to present that evidence if there is a future *Pavey* hearing.

Except for activities associated with the development and resolution of defendant's affirmative defense that plaintiff failed to exhaust his administrative remedies prior to filing this action, or any other matter directed by the Court, any other activities or deadlines in the action are **stayed.** Discovery on the issue of exhaustion is allowed.

**IT IS SO ORDERED**.

Date: 3/1/2018

*[Signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Lance Howard
250494
Putnamville Correctional Facility
Electronic Service Participant – Court Only

Electronically Registered Counsel